## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

STEPHANO COLOSI, JR., # 300465

        Petitioner,

v.                               ACTION NO. 2:06CV33

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions for aggravated malicious wounding, conspiracy, and criminal solicitation on September 5, 2001, in the Circuit Court of the City of Virginia Beach, as a result of which he was sentenced to serve a life sentence in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the Magistrate Judge was filed on November 28, 2006, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On December 15, 2006, the Court received Petitioner's Objections to the Report and Recommendation.

The Court, having reviewed the record and examined the objections filed by the petitioner to the United States Magistrate Judge's Report, and having made de novo findings with respect to

the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed November 28, 2006.   Though the petitioner's objection to the Report and Recommendation's finding on page nine that a witness's informant history is not admissible impeachment evidence is correct, the Magistrate Judge's recommendation for denial of his claim that the prosecution's failure to provide evidence that Mr. Davis had a history of exchanging testimony for leniency is unaffected.   In his petition to this Court, Petitioner substantiates his <u>Brady</u> claim by arguing that Mr. Davis has an extensive criminal record and that he "is either very unlucky and seriously in the wrong place at the wrong time or Davis has learned how to benefit from the system.   Davis's cooperation with authorities is the most obvious way for Davis to escape conviction on many felony charges, with most charges arising from Maryland."   (Fed. Habeas Pet. 26.)   As stated on page ten of the Report and Recommendation, Petitioner has failed to offer proof that Mr. Davis has a history as an informant or, assuming he does, that the prosecution was in possession of such information.   Accordingly, Petitioner has not alleged facts sufficient for finding a violation of <u>Brady</u>.   <u>See</u> <u>U.S. v. Coleman</u>, 11 F. Supp. 2d 689, 691 (W.D. Va. 1998).

The Court also upholds the recommendation that ground a(v) be denied.   Exhibits AA, BB, which was not sworn under oath, and CC, attached to the Petitioner's Objections to the Magistrate Judge's Report and Recommendation [Doc. No. 10], do not establish that the prosecution knew the identity of "Six" or "Six Pack" in order to have withheld that information in violation of <u>Brady</u>. Even if the prosecution represented that it believed, as the petitioner contends, that "Six" or "Six Pack" was dead, and even if Petitioner's current claim that "Six" or "Six Pack" was alive and in jail after the time of his trial is true, this evidence further demonstrates that the prosecution was unaware

2

of "Six" or "Six Pack's" identity.  Therefore, the prosecution cannot be charged with withholding

allegedly exculpatory evidence.  <u>See</u> <u>Coleman</u>, 11 F. Supp. 2d at 691.  It is, therefore, ORDERED

that the petition be DENIED and DISMISSED.

It is further ORDERED that judgment be entered in favor of the respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional

right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b)

of the Federal Rules of Appellate Procedure.  <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039

(2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this

Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States

Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of

such judgment.

The Clerk shall mail a copy of this Final Order to all counsel of record.

/s/
_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February  2 , 2007

3